UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

_____

**ZOHAIB MOHAMMED**,

                                 Plaintiff,

      vs.

**DEBT RECOVERY SOLUTIONS, LLC**, a
New York LLC,
,

                              Defendants.

_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

       Plaintiff, ZOHAIB MOHAMMED (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, DEBT RECOVERY SOLUTIONS, LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

       1.      PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. DEFENDANT leaves voice mails on the telephones of consumers that do not disclose the name of the debt collector.

## JURISDICTION AND VENUE

       2.      The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Texas.

## PARTIES

4.      PLAINTIFF is a natural person residing in Plano, Texas.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7.      DEFENDANT is an LLC formed under the laws of New York with its corporate headquarters at 6800 Jericho Turnpike, Suite 113E, Syosset, New York, 11791.

8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempt to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Upon information and belief, PLAINTIFF's alleged debt was in default when DEFENDANT began to attempt to collect it.

## STATEMENT OF FACTS

10.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11.      In early October, 2017, DEFENDANT began calling PLAINTIFF attempting to collect an alleged debt.

12.      At that time, DEFENDANT left at least two automated voice mails on PLAINTIFF's phone that did not disclose the name of the debt collector.

## CLASS ACTION ALLEGATIONS

13.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14.    PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a.  A class consisting of consumers who:

        i.  Reside in Texas; and

        ii.  Within one year prior to the filing of this action;

        iii.  Received an automated voice mail from DEFENDANT;

        iv.  Which did not disclose the name of the debt collector.

15.    PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information.  PLAINTIFF believes that the class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records.  Therefore, the proposed class is so numerous that joinder of all members is impracticable.

16.    All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a.  Whether DEFENDANT violated 15 U.S.C. § 1692d(6) by leaving voice mails that did not disclose the name of the debt collector;

    b.  The identities of individuals who received such voice mails; and

c.   The total number of consumers who received such voice mails.

17.    PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members.   PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

18.    Upon information and belief, DEFENDANT has a practice and policy of leaving voice mails for consumers that do not disclose the name of the debt collector.

19.    PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.   PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits.   PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in bringing FDCPA class actions.

20.    PLAINTIFF is committed to vigorously pursuing his claims.

21.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.   *See* 15 U.S.C. § 1692k.   The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

22.    A class action regarding the issues in this case does not create any problems of manageability.

23.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(6)
### BROUGHT BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF THE CLASS

24.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 23 inclusive, above.

25.     Debt collectors may not place "telephone calls without meaningful disclosure of the caller's identity."  15 U.S.C. § 1692d(6).

26.     In early October, 2017, DEFENDANT began calling PLAINTIFF attempting to collect an alleged debt.

27.     At that time, DEFENDANT left at least two voice mails on PLAINTIFF's phone that did not disclose the name of the debt collector.

28.     By not providing this disclosure, DEFENDANT violated 15 U.S.C. § 1692d(6).

29.     As a result of the FDCPA violation by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

30.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

31.     PLAINTIFF suffered the concrete injury of receiving voice mails that do not disclose the name of the caller's identity, and therefore has standing for the purposes of Article III.

### DEMAND FOR JURY TRIAL

32.     Please take notice that PLAINTIFF demands trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against

DEFENDANT for the following:

(1)    For actual damages incurred by PLAINTIFF;

(2)    For statutory damages awarded to PLAINTIFF, not to exceed $1,000 from DEFENDANT, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)    For certification of the class;

(4)    For statutory damages awarded to the class, not to exceed the lesser of 1% of DEFENDANT's net worth or $500,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(5)    For disgorgement of all of DEFENDANT's revenues obtained through use of the practices at issue;

(6)    For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(7)    For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(8)    For any and all other relief this Court may deem appropriate.

Dated: November 28, 2017

Respectfully Submitted,

**GESUND & PAILET, LLC**

/s/ Keren E. Gesund

KEREN E. GESUND
LA SBN 34397
1400 Preston Road, Suite 400
Plano, TX 75093
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*